IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBY LEE BARBER JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-647-Y |
| | § | |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Roby Lee Barber Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as untimely.

**I. Factual and Procedural History**

Petitioner is serving a life sentence on his 1996 Tarrant County conviction for murder in Case No. 0585820D for an offense occurring on June 10, 1995. (Pet. 2, ECF No. 1.) This is Petitioner's fourth habeas action in this Court. By way of the instant petition, he challenges TDCJ's Classification and Records

determination of his parole eligibility. (Pet. 6, ECF No. 1.) According to Petitioner, in violation of his constitutional rights under the due-process, ex-post-facto and separation-of-powers clauses, TDCJ has incorrectly calculated his parole eligibility under the "one-half rule" (with a 30-year maximum) instead of the "one-fourth rule" (with a 15-year maximum) in effect at the time he committed the offense. (Pet'r's Mem. 2-3, ECF No. 2.)

**II. Rule 5 Statement**

Respondent believes that, although the petition is not successive and Petitioner has exhausted his state remedies, the petition is time-barred. (Resp't's Ans. 3, ECF No. 13.)

**III. Discussion**

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period commenced on the date the factual predicate of Petitioner's claim could have been discovered through the exercise of due diligence. Respondent argues that Petitioner could have discovered the factual basis of his claim at the latest on June 10, 2010, 15 calendar years after he began serving his sentence on June 10, 1995. (Resp't's Answer 6, ECF No. 13.) Petitioner, on the other hand, merely asserts in his petition that the matter was brought to his attention by a fellow prisoner. (Pet. 9, ECF No. 1.) Through the use of due diligence, however, Petitioner could have learned how his parole eligibility would be calculated at any time after the judgment of conviction was entered. Nevertheless, allowing him all leeway, the Court agrees that Petitioner could have learned at the latest that his parole eligibility was determined under the

"one-half rule" on June 10, 2010, 15 calendar years after he began serving his sentence, at which point he remained parole ineligible. Accordingly, his federal petition was due on or before June 10, 2011, without any tolling.

Petitioner's state habeas application filed in May 2014 after limitations had already expired did not operate to toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor is Petitioner entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner does not challenge his conviction and he did not reply to Respondent's answer on the issue of limitations or tolling. Thus, he has failed to demonstrate that he was prevented in any way from asserting his rights in state and federal court. Mere ignorance of the law does not justify equitable tolling. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). Petitioner's extreme delay further mitigates against equitable tolling.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED.

SIGNED October 15, 2015.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE